RAGUS COMPANY, Plaintiff-Appellant, v. THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—93—0247

Opinion filed December 29, 1993.

Michael Anthony Lowe, of Chicago, for appellant.

Susan S. Sher, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Brian Trubitt, Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE RIZZI delivered the opinion of the court:

This action arises out of a contract between Ragus Company (Ragus) and the City of Chicago (City). The contract called for Ragus to supply the City with a certain quantity of rodent traps. As a result of differing interpretations regarding the number of traps specified in the contract, Ragus supplied the City with only half of the rodent traps the City expected. The City refused delivery and suspended Ragus from its bidding process for six months. Ragus subsequently brought a five-count complaint against the City and three of the City's employees, Alexander Grzyb, Walter Brueggen and Mark Pofelski.

Following a hearing on defendants' motion to dismiss, the trial

court dismissed three of the five counts with prejudice. Ragus now appeals alleging the following errors: (1) that the trial court erred in treating defendants' motion to dismiss as a motion for summary judgment; (2) that the trial court erred in its interpretation of the contract; and (3) that the court erred in determining that the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 1011—101 *et seq.*) barred money damages. We affirm and remand.

The facts of this case are undisputed. In July 1991, the City announced that it was seeking bids from companies to supply the City with Gotcha Glue Boards, a brand of rodent traps. The City's announcement called for the following specifications for the traps:

"150 cases of 5-1/2" x 11"; 24/case

75 cases of 11" x 11"; 12/case."

Ragus submitted a bid offering to supply the City with the traps at a price of $30 a case, for a total of $6,750. The City awarded the contract to Ragus on August 18, 1991. On October 3 and 4, 1991, Ragus attempted to deliver to the City 150 cases each containing 24 of the bigger traps and 75 cases each containing 12 of the smaller traps. The City refused delivery because it was expecting 150 cases containing 24 *pairs* of the larger traps and 75 cases containing 12 *pairs* of the smaller traps. On October 16, 1991, the City notified Ragus that it had 10 days to cure what it perceived as a defect in Ragus' performance by delivering twice the number of traps. Ragus claimed that it was in compliance with the contract and did not tender the additional traps demanded by the City. On November 7, 1991, the City suspended Ragus from the bidding process until April 26, 1992.

Ragus then filed a five-count complaint seeking declaratory relief and money damages. In count I of the complaint, Ragus asked the court to construe the contract and declare that Ragus had complied with the contract. In count II, Ragus asked the court to declare that defendants wrongfully suspended Ragus from the City's bidding process. In count III, Ragus sought information under the Freedom of Information Act. In count IV, Ragus asked the court to order the City to recertify it as a minority business enterprise. In count V, Ragus sought money damages for the wrongful acts of the City alleged in counts I through IV.

Defendants in turn filed a motion to dismiss the complaint pursuant to section 2—619(a)(9) of the Illinois Code of Civil Procedure (735 ILCS 5/2—619 (West 1992)). A hearing was had on this motion. At the hearing defendants presented affidavits to show that usage of trade demonstrates that "24/case" refers to 24 pairs per case.

The president of the manufacturer of Gotcha Glue Boards averred

that for the last 10 years Gotcha Glue Boards have been packaged in pairs. Defendant Alexander Grzyb, the City's purchasing agent, averred that once the contract was terminated with Ragus, he awarded a contract for Gotcha Glue Boards to Production Dynamics Company. That contract called for "150 cases of Gotcha Glue Boards, $5^1/_2$" x 11"; 24/case." Production Dynamics Company supplied the City with 150 cases each containing 24 pairs of traps. Lastly, Tony Proscia, a City employee, averred that he oversees goods shipped by various suppliers to the City. Every other case of $5^1/_2$" x 11" Gotcha Glue Boards he inspected contained 24 pairs of traps.

In an attempt to counter the above affidavits, Ragus presented the affidavit of its president, George L. Lowe. This affidavit, however, simply did not address the factual allegations concerning usage of trade. Accordingly, the factual averments of defendants' affidavits are admitted.

Following the hearing, the trial court construed the contract in favor of defendants and dismissed count I of the complaint. The court also dismissed count III with prejudice because Ragus had not exhausted its administrative remedies. The trial court also dismissed count V ruling that money damages were barred by the Local Governmental and Governmental Employees Tort Immunity Act. Ragus originally appealed the dismissal of counts I, III and V. At oral argument, however, Ragus conceded that the trial court properly dismissed count III. Therefore, we address only the dismissal of counts I and V.[1]

■ Ragus initially contends that the trial court improperly granted the motion to dismiss as to count I because the court treated the motion to dismiss as a motion for summary judgment. Under the circumstances present in the case at bar, a section 2—619 motion and a motion for summary judgment are essentially the same. (See *Ralston v. Casanova* (1984), 129 Ill. App. 3d 1050, 1056, 473 N.E.2d 444, 448.) The question raised by both motions is whether there is a genuine issue of fact. (*Ralston*, 129 Ill. App. 3d at 1056, 473 N.E.2d at 448-49.) In this case there is no factual dispute. Where no issue of fact exists concerning a contract, a court may interpret the contract as a matter of a law and make an appropriate ruling, including a dismissal under section 2—619.

■ Ragus next argues that the court erred when it referred to usage of trade pursuant to the Uniform Commercial Code, section 1—205(4) (810 ILCS 5/1—205(4) (West 1992)), in order to interpret

---

[1]Count II was dismissed without prejudice, and the motion to dismiss was denied as to count IV. Accordingly, those rulings are not before us.

the contract where the contract itself was unambiguous. We, however, disagree that the contract was unambiguous. The dispute focused on the interpretation of whether "24/case" and "12/case" refer to individual traps or to pairs of traps. In order to eliminate ambiguity from a contract, it is necessary to exclude other reasonable interpretations. The above-quoted language does not exclude the reasonable interpretation that 24 pairs and 12 pairs per case are the number of traps called for in the contract. Therefore, reference to usage of trade was proper.

Ragus also argues that defendants failed to present sufficient evidence establishing usage of trade. We disagree. Defendants presented the affidavits of three people who currently deal with Gotcha Glue Boards, including the president of the company that manufactures these traps. Taken together, the affidavits establish that the sole manufacturer of Gotcha Glue Boards packages and sells the traps in pairs, middlemen purchase and resell the traps in pairs, and the City buys and receives the traps in pairs. Ragus failed to counter these factual averments. We hold that the trial court had before it sufficient evidence to find that when a party dealing in Gotcha Glue Boards spoke of "24/case" or "12/case," this meant 24 pairs and 12 pairs per case. The trial court properly construed the contract and dismissed count I of Ragus' complaint.

■ Lastly, Ragus argues that the trial court erred in finding that the Local Governmental and Governmental Employees Tort Immunity Act barred recovery for money damages because Ragus was seeking recovery for a contract claim. With the dismissal of count I, however, no contract claim remains. Therefore, Ragus' argument must fail. Accordingly, the trial court's dismissal of count V was proper.

For the foregoing reasons, we affirm the trial court's dismissal of counts I, III and V and remand this case for further proceedings.

Affirmed and remanded.

TULLY, P.J., and CERDA, J., concur.